UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JOSE R. RODRIGUEZ
and other similarly situated individuals,

    Plaintiff(s),

v.

LATINOS MOTORS OF ORLANDO INC,
MATRIX AUTO SALES, INC.,
d/b/a LATINO'S MOTOR OF ORLANDO
and CARLOS M. ALDERETE, individually

    Defendants,

_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, JOSE R. RODRIGUEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants LATINOS MOTORS OF ORLANDO INC, MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO, and CARLOS M. ALDERETE individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JOSE R. RODRIGUEZ is a covered employee for purposes of the Act. The Plaintiff is a resident of Orange County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

3. Defendants LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO are Florida corporations, having a place of business in Miami, Florida, and Orlando, Orange County, Florida, where the Plaintiff worked. The Defendants were and are engaged in interstate commerce.

4. Pursuant to 29 U.S.C. § 203 (r)(1) and pursuant to 29 C.F.R. §791.2, Defendants LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO are a joint enterprise and joint employers of Plaintiff.

5. The individual Defendant CARLOS M. ALDERETE was and is now, the owner/partner/officer and operator of Defendant Corporations LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this complaint took place in Orange County Florida, within the jurisdiction of this Court.

GENERAL ALLEGATIONS

7. This cause of action is brought by Plaintiff JOSE R. RODRIGUEZ as a collective action to recover from the Defendants minimum wages, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked during one or more weeks on or after December 2019, (the "material time") without being properly compensated.

8. Corporate Defendants LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO are retail businesses performing as used car dealerships. Defendants have locations in Miami and Orlando Florida.

9. Pursuant to 29 U.S.C. § 203 (r)(1), Defendants LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO were and are now, a joint enterprise because: 1) the two companies had the same or related business activities; 2) the two companies operate out of the same location; 3) the two companies shared inventory, equipment, and supplies; 4) LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO, operated as a single unit, for a common business purpose; 5) between LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO, existed unified operation and common control because individual Defendant CARLOS M. ALDERETE controlled the day to day operations of both companies, and they operated as a single unit for a common business purpose; 6) both corporations had interdependent financial interest because each company operated the same related business.

10. Pursuant 29 C.F.R. §791.2, LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO were joint employers because: 1) LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO through their owner/partner/manager CARLOS M. ALDERETE had equal and absolute control over the Plaintiff and other employees similarly situated; 2) CARLOS M. ALDERETE assigned duties and paid to Plaintiff and other employees similarly situated; 3) LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO,

through their manager, jointly and equally determined terms and employment conditions of Plaintiff and other employees similarly situated; 4) the work of Plaintiff's simultaneously benefited the two corporations; 5) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO.

11. Therefore, because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO, are joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2.

12. Defendants LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO, hereinafter will be called collectively LATINOS MOTORS, or corporate Defendant.

13. Defendant LATINOS MOTORS is a retail business performing as a used vehicle dealership, located at 6815 S Orange Avenue, Orlando, Florida 32809, where the Plaintiff worked.

14. Defendants LATINOS MOTORS and CARLOS M. ALDERETE employed Plaintiff JOSE R. RODRIGUEZ as a full-time employee from approximately December 16, 2019, to March 23, 2020, or 14 weeks.

15. The Plaintiff was hired as an inside, full-time used car salesman.  The Plaintiff had duties selling used cars in the Defendants' showroom.

16. During his time of employment with Defendants, the Plaintiff was misclassified as an Independent Contractor.

17. Nevertheless, at all times the Plaintiff was an employee of Defendants, under the protection of FLSA regulations because; 1) Plaintiff was a full-time employee working a pre-set regular schedule; 2) Plaintiff worked for Defendants consistently more than 66 hours weekly for a period of 14 weeks; 3)Plaintiff depended exclusively on his employment with Defendants, and he did not have any other job during his 14 weeks of employment with Defendants; 4) Defendants had absolute control over Plaintiff's hours of work, they provided Plaintiff with his work schedule and assigned his duties and tasks;  5) due to the nature of the business, Defendants closely monitored Plaintiff; 6) Plaintiff did not have any discretion to perform his work assignments or authority to refuse them; 7) the work performed by Plaintiff was an integral part of the Defendants' business;  8) Plaintiff performed his work entirely at the Defendants' facilities, and he sold vehicles exclusively to Defendants' customers; 8) Plaintiff never used any discretion, he just followed pre-established procedures.

18. By reason of the foregoing, Plaintiff JOSE R. RODRIGUEZ was an employee of LATINOS MOTORS, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

19. During his time of employment with Defendants, Plaintiff had a regular schedule, Plaintiff worked 6 days per week, from Monday to Saturday, from 9:00 AM to approximately 8:00 PM (11 hours each day).  The Plaintiff worked a minimum average of 66 hours weekly. In

March 2020, Plaintiff worked 2 weeks on Sundays, thus he completed 71 working hours each week. The Plaintiff did not take bonafide lunch periods.

20. The Plaintiff was paid on "commissions only" payment plan, with an established commission settlement period of 1 week.

21. Defendants set a fixed flat commission per car sold. This flat commission fluctuated between $300.00 and $150.00 per unit sold. As per Plaintiff's understanding, Defendants changed that fixed flat commission all the time, at their discretion, causing Plaintiff a lot of confusion and great uncertainty in reference to his expected earnings for the week.

22. Every week, Defendants settled the Plaintiff's commissions, but they did not pay him the complete amount of earned commissions. The Plaintiff received irregular partial payments and the remaining balance was always carried forward to the next payment period.

23. Sometimes Plaintiff received only a draw of $300.00 instead of his commissions, the following week this draw was deducted from Plaintiff's commissions.

24. However, in many weeks Plaintiff's commissions fell short of the minimum wage for the 66 hours worked in a week period, and the Defendants did not pay or subsidy the difference. As a result, the Plaintiff did not receive minimum wages for every hour worked, as required by the Fair Labor Standards Act.

25. Regardless of the Defendants' payment plan arrangements, Plaintiff was a commission-based inside salesperson, and he was entitled to be paid at least at the minimum wage rate for all hours worked in a week period.

26. Defendants did not maintain any time-keeping method, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals, and they knew that Plaintiff was working 66 hours per week.

27. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

28. The Plaintiff was paid weekly with checks without any paystub or records showing the number of days and hours worked, the number of cars sold, commissions paid, amount of draw paid and deducted, employee taxes withheld, etc.

29. Plaintiff was not in agreement with the weekly lack of payment for commissions, deducted draws and minimum wages paid, and he complained twice to his manager Carlos Corrales.

30. On or about March 23, 2020, the Plaintiff complained to the owner of the business CARLOS M. ALDERETE because he had not received any commission of draw for 2 consecutive weeks. At that point, the Plaintiff was owed $1,250.00 in unpaid commissions.

31. As a result of the Plaintiff's complaint, the owner of the business CARLOS M. ALDERETE got very upset and fired Plaintiff without paying him his hard-earned wages.

32. Plaintiff is not in possession of time and payment records, and without the benefit of discovery, it will impossible for him to know the exact number of weeks in which his wages fell below the minimum required by the FLSA.

33. However, the Plaintiff will provide a preliminary Statement of Claim including only 2 weeks of 71 working hours as unpaid minimum wages. Plaintiff will amend his Statement of Claim according to time and payment records, after proper discovery.

34. Plaintiff JOSE R. RODRIGUEZ seeks to recover minimum wages for all hours worked during his entire period of employment, commissions, retaliatory damages, liquidated damages, and any other relief as allowable by law.

35. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll

practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

36. Plaintiff JOSE R. RODRIGUEZ re-adopts every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

37. This action is brought by Plaintiff JOSE R. RODRIGUEZ and those similarly-situated to recover from the Employer LATINOS MOTORS unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

38. Defendants LATINOS MOTORS OF ORLANDO INC, and MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO, are joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2, and they will be called collectively LATINOS MOTORS, or corporate Defendant.

39. The employer LATINOS MOTORS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company performing as a used vehicle dealership. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

40. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines. The Plaintiff participated directly in interstate commerce by selling vehicles purchased across state borders. Therefore, there is individual coverage.

41. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

42. Defendants LATINOS MOTORS and CARLOS M. ALDERETE employed Plaintiff JOSE R. RODRIGUEZ as a full-time employee from approximately December 16, 2019, to March 23, 2020, or 14 weeks.

43. The Plaintiff was hired as an inside, full-time used car salesman.

44. During his time of employment with Defendants, the Plaintiff was misclassified as an Independent Contractor. However, Plaintiff was an employee of LATINOS MOTORS, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

45. During his time of employment with Defendants, Plaintiff had a regular schedule, Plaintiff worked 6 days per week, a minimum average of 66 hours. In March 2020, Plaintiff worked 2 weeks on Sundays, thus he completed 71 working hours each week. The Plaintiff did not take bonafide lunch periods.

46. The Plaintiff was paid on "commissions only" payment plan, with an established commission settlement period of 1 week.

47. The Plaintiff was paid a fixed flat commission per car sold. This flat commission fluctuated between $300.00 and $150.00 per unit sold.

48. Every week Defendants settled Plaintiff's commissions, but they did not pay him the complete amount of earned commissions. The Plaintiff received irregular partial payments and the remaining balance was always carried forward to the next payment period.

49. However, in many weeks Plaintiff's commissions fell short of the minimum wage for the 66 hours worked in a week period, and the Defendants did not pay or subsidy the difference. As a result, the Plaintiff did not receive minimum wages for every hour worked, as required by the Fair Labor Standards Act.

50. Regardless of the payment plan arrangements, Plaintiff, was a commission-based, inside salesperson, and he was entitled to be paid at least at the minimum wage rate for all hours worked in a week period.

51. Defendants did not maintain any time-keeping method, but Defendants were able to monitor the hours worked by the Plaintiff and other similarly situated individuals.

52. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

53. Plaintiff was paid weekly with checks without any paystub or records for the number of days and hours worked, number of cars sold, commissions paid, amount of draw paid and deducted, employee taxes withheld etc.

54. Plaintiff is not in possession of time and payment records, and without the benefit of discovery, it will impossible for him to know the exact number of weeks in which his wages fell below the minimum wages.

55. However, the Plaintiff will provide a preliminary Statement of Claim including only 2 weeks of 71 working hours as unpaid minimum wages. Plaintiff will amend his Statement of Claim according to time and payment records, after proper discovery.

56. The records, if any, concerning the number of hours worked by Plaintiff and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by the Plaintiff and other employees in the asserted class.

57. The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights under the FLSA. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

59. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid minimum wages will include only 2 unpaid weeks. The Plaintiff will adjust his calculations to include any unpaid worked hours after discovery. Plaintiff's calculation is as follows:

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

    One Thousand Two Hundred Fifteen Dollars and 52/100 ($1,215.52)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment: 14 weeks
    Total relevant weeks of employment: 14 weeks
    Total number of unpaid weeks: 2 weeks
    Total hours worked: 71 hours weekly
    Total number of unpaid hours:  71 hours per week
    Fl. Minimum wages: $8.56 an hour

    Min. Wage $8.56 x 71 hours=$607.76 weekly x 2 weeks=$1,215.52

    c. <u>Nature of wages</u>:

    This amount represents unpaid minimum wages.

60. Defendants LATINOS MOTORS and CARLOS M. ALDERETE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

61. Defendants LATINOS MOTORS and CARLOS M. ALDERETE knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

62. At the times mentioned, individual Defendant CARLOS M. ALDERETE was the owner/partner/manager of LATINOS MOTORS.  Defendant CARLOS M. ALDERETE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of LATINOS MOTORS in relation to its

employees, including Plaintiff and others similarly situated. Defendant CARLOS M. ALDERETE had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

63. Defendants LATINOS MOTORS and CARLOS M. ALDERETE willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE R. RODRIGUEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JOSE R. RODRIGUEZ and against the Defendants LATINOS MOTORS, and CARLOS M. ALDERETE based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSE R. RODRIGUEZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

64. Plaintiff JOSE R. RODRIGUEZ re-adopts every factual allegation as stated in paragraphs 1-35 of this complaint as if set out in full herein.

65. Defendants LATINOS MOTORS OF ORLANDO INC, MATRIX AUTO SALES, INC., d/b/a LATINO'S MOTOR OF ORLANDO, are a joint enterprise as defined in 29 U.S.C. § 203 (r)(1), and they are also joint employers as defined in 29 C.F.R. §791.2, and they will be called collectively LATINOS MOTORS, or corporate Defendant.

66. The employer LATINOS MOTORS was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a retail company performing as used vehicle dealership. The Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

67. The Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines. The Plaintiff participated directly in interstate commerce by selling vehicles purchased across state borders. Therefore, there is individual coverage.

68. Defendant LATINOS MOTORS was and is subjected to the provisions of the Fair Labor Standards Act (FLSA).

69. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

70. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

71. Defendants LATINOS MOTORS and CARLOS M. ALDERETE employed Plaintiff JOSE R. RODRIGUEZ as full-time, inside, used car salesman, from approximately December 16, 2019, to March 23, 2020, or 14 weeks.

72. During his time of employment with Defendants, the Plaintiff was misclassified as an Independent Contractor. However, Plaintiff was an employee of LATINOS MOTORS, within the meaning of 29 U.S.C. § 203(e)(1). Defendants were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

73. During his time of employment with Defendants, Plaintiff had a regular schedule, Plaintiff worked 6 days per week, a minimum average of 66 hours. In March 2020, Plaintiff worked 2 weeks on Sundays, thus he completed 71 working hours each week. The Plaintiff did not take bonafide lunch periods.

74. The Plaintiff was paid on "commissions only" payment plan, with an established commission settlement period of 1 week.

75. The Plaintiff was paid a fixed flat commission per car sold. This flat commission fluctuated between $300.00 and $150.00 per unit sold.

76. Every week Defendants settled Plaintiff's commissions, but they did not pay him the complete amount of earned commissions. The Plaintiff received irregular partial payments and the remaining balance was always carried forward to the next payment period.

77. However, in many weeks Plaintiff's commissions fell short of the minimum wage for the 66 hours worked in a week period, and the Defendants did not pay or subsidy the difference. As a result, in many weeks Plaintiff did not receive minimum wages for every hour worked, as required by the Fair Labor Standards Act.

78. Regardless of the payment plan arrangements, Plaintiff, was a commission-based, inside salesperson, and he was entitled to be paid at least at the minimum wage rate for all hours worked in a week period.

79. Defendants did not maintain any time-keeping method, but they were able to monitor the hours worked by the Plaintiff and other similarly situated individuals.

80. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

81. Plaintiff was not in agreement with the weekly lack of payment for commissions, deducted draws and minimum wages paid, and he complained twice to his manager Carlos Corrales.

82. These complaints constituted protected activity under the Fair Labor Standards Act.

83. On or about March 23, 2020, the Plaintiff complained to the owner of the business CARLOS M. ALDERETE because he had not received any commission of draw for 2 consecutive weeks. At that point, the Plaintiff was owed $1,250.00 in unpaid commissions.

84. This complaint constituted protected activity under the Fair Labor Standards Act.

85. Nevertheless, when CARLOS M. ALDERETE heard the complaint, he got very upset and fired Plaintiff immediately, and he refused to pay Plaintiff his hard-earned wages.

86. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

87. There is close proximity between the Plaintiff's protected activity and the date of his termination.

88. At the times mentioned, individual Defendant CARLOS M. ALDERETE was the owner/partner/manager of LATINOS MOTORS. Defendant CARLOS M. ALDERETE was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of LATINOS MOTORS in relation to its employees, including Plaintiff and others similarly situated. Defendant CARLOS M. ALDERETE had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

89. Defendants LATINOS MOTORS and CARLOS M. ALDERETE willfully and intentionally refused to pay Plaintiff minimum wages as required by the FLSA, and then retaliated against Plaintiff by firing him.

90. The motivating factor which caused the Plaintiff's termination as described above was the complaint seeking commissions and regular wages from the Defendants. In other words, the Plaintiff would not have been discharged but for his complaint about unpaid wages.

91. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

92. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE R. RODRIGUEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants LATINOS MOTORS, and CARLOS M. ALDERETE that Plaintiff JOSE R. RODRIGUEZ recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff JOSE R. RODRIGUEZ further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff JOSE R. RODRIGUEZ demands trial by a jury of all issues triable as of right by a jury.

Dated: April 16, 2020                                     Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*